# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR242** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MARISOL PEREZ-FERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"). The government has objected to the PSR. (Filing No. 55.) The Defendant's objections were not filed pursuant to ¶ 6 of the Order on Sentencing Schedule; however, the Court will consider the objections in the Addendum to the PSR.

The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

Both parties object to the drug quantity used to calculate the base offense level in ¶ 22. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a base offense level of 26, based on a drug quantity of at least 50 but less than 200 grams of methamphetamine. The PSR, however, calculates the drug quantity as 79.1 grams of actual methamphetamine, resulting in a base offense level of 32. The Court notes that the Indictment relates to a mixture or substance containing methamphetamine. The Court's tentative findings are that, barring unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld with respect to the Rule 11(c)(1)(C) agreement.

The Defendant also objects to ¶¶ 34 and 35, arguing that the Defendant should have received 0 or, at the most, 1 criminal history point for the offense in ¶ 34, which should result in placement in criminal history category I rather than II as assessed in ¶ 35. The Court will hear the objection if it is not withdrawn at sentencing, adding that it is defense counsel's responsibility to view the relevant records in the probation office. Should a hearing be held, the Defendant bears the burden by a preponderance of the evidence.

The remaining objections raised by the Defendant are denied for the reasons stated in the Addendum to the PSR.

IT IS ORDERED:

1. The parties' objections with respect to drug quantity are granted insofar as the Court, barring unusual circumstances, intends to honor the Rule 11(c)(1)(C) plea agreement;

2. If the Defendant's objections to ¶¶ 34 and 35 are not withdrawn orally at sentencing, the Court will hear the objections;

3. The remaining objections raised by the Defendant are denied;

4. The parties are notified that my tentative findings are that the PSR is correct;

5. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6.   Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final;

7.   Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge